**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4482

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT WAYNE BOGGS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, Senior District Judge. (1:02-cr-00029-WLO)

Submitted: December 19, 2007      Decided: January 8, 2008

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Clifton T. Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Wayne Boggs was convicted of kidnapping, transmitting a ransom demand in interstate commerce, and carrying and using a firearm during a crime of violence, in violation of 18 U.S.C. §§ 875(a), 924(c)(1)(A)(ii), 1201(a)(1) (2000), and originally sentenced to 284 months imprisonment. This court affirmed Boggs' conviction, but vacated his sentence and remanded for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005).

On remand, the district court conducted a resentencing hearing and determined that, with regard to the kidnapping and ransom demand counts, both to run concurrently, Boggs' total offense level remained at 35; with a criminal history category I, the resulting guideline range remained at 168-210 months imprisonment. After considering the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), the district court again sentenced Boggs to 200 months for the kidnapping and ransom demand counts to run concurrently, for a total term of 284 months imprisonment.

Boggs appeals, claiming that the district court violated his Sixth Amendment rights by enhancing his sentence based on findings made by the court, rather than a jury. Boggs' claim is foreclosed by Booker and its progeny. After Booker, a district court is no longer bound by the range prescribed by the sentencing

guidelines.  <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005).  However, courts still must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and § 3553(a).  <u>Gall v. United States</u>, No. 06-7949, 2007 WL 4292116, at *7 (U.S. Dec. 10, 2007).  We will review the sentence under an abuse-of-discretion standard regardless of whether the sentence imposed is inside or outside of the guidelines range.  <u>Id.</u>

Under an advisory guidelines scheme, a district court does not violate the Sixth Amendment by making factual findings as to sentencing factors by a preponderance of the evidence as long as the fact-finding does not enhance the sentence beyond the maximum term specified in the substantive statute.  See <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005) (holding that "<u>Booker</u> does not in the end move any decision from judge to jury, or change the burden of persuasion").

Therefore, Boggs' claim is without merit.  Accordingly, we affirm his sentence.  We dispense with oral argument because the facts and legal contentions are adequately addressed in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>